ISAAC H. TICE, APPELLANT, v. WILLIAM ZINSSER, RESPONDENT.

*Contract — agreement to cancel — right to recover money paid under.*

The plaintiff and defendant entered into an agreement, by which the plaintiff agreed to purchase certain land from the defendant for a price therein named; the plaintiff paid a portion of such price to the defendant. Afterwards, the plaintiff being in default, an agreement, of which the following is a copy, was indorsed on each copy contract, and signed and sealed by the respective parties:
"I hereby surrender all my right, title and interest under and by virtue of the within agreement to ———— for and in consideration of the sum of one dollar, the receipt whereof is hereby acknowledged, and agree that the same shall be canceled and be of no effect from this date."
In an action by the plaintiff to recover what he had paid under the contract' *held,* that he was entitled to recover.

APPEAL from a judgment in favor of the defendant, and from an order setting aside a verdict in favor of the plaintiff, and directing judgment in favor of the defendant.

On March 23, 1871, the plaintiff and defendant herein entered into a contract whereby the former agreed to buy and the latter to

sell certain real estate for the sum of $16,000, payable as therein provided, and plaintiff then gave to defendant the sum of $1,000 on account thereof. Subsequently, and in October, 1871, the plaintiff being then in default by having failed to pay the purchase-price as provided by the contract, there was indorsed upon one contract the following agreement : "I hereby surrender all my right, title and interest under and by virtue of the within agreement to Isaac H. Tice for and in consideration of the sum of one dollar, the receipt whereof is hereby acknowledged, and agree that the same shall be canceled and be of no effect from this date," signed and sealed by the respective parties. A similar indorsement to William Zinsser was indorsed on the other contract.

This action was brought by the plaintiff to recover the money which he had paid upon the contract-price prior to its cancellation.

*J. Stewart Ross*, for the appellant.

*Lewis Sanders*, for the respondent.

DYKMAN, J. :

By the indorsement put upon the agreement in October, 1871, it was rescinded and canceled, and as this indorsement contained no conditions the parties stood towards each other as if no agreement had been made between them.

The plaintiff could recover nothing for any improvements he had put upon the property because there was no undertaking to pay for them, and the defendant could not retain the money that had been paid on account of the property, in expectation of a fulfillment of the contract and a conveyance of the property for the reason that he canceled the agreement and accepted a surrender of the premises unconditionally and without any stipulation for compensation. (*Gillet* v. *Maynard*, 5 John., 86 ; *Battle* v. *Rochester City Bank*, 3 N. Y., 88.)

It is claimed on the part of the defendant, that as the plaintiff could not have recovered back the money he had paid on the agreement before the indorsement thereon of the contract of rescission, he cannot now recover back the money paid, because he has surrendered his right to do so. We cannot subscribe to this propo-

sition. It was entirely competent for the parties to make a new contract to surrender and cancel the original agreement and they did so, and that left them in the condition in which they stood before the agreement was made. So standing the defendant was left no reason for retaining the money he had received. Before he rescinded the agreement, he could stand upon that and declare his readiness to carry it out, and the plaintiff would have no refuge but in fulfillment. He had paid his money in pursuance of an agreement which called for it and which could be executed, and his rights, liabilities and remedies were all to be sought for within its provisions, and they called for the money he had paid and other money beside. But the defendant voluntarily surrendered all these rights, and thus gave up his right to hold the money under the agreement.

These considerations lead to the conclusion that the judgment appealed from must be reversed.

The order vacating the verdict must also be set aside and the plaintiff must have judgment upon his verdict with costs.

GILBERT, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and order setting aside verdict and dismissing plaintiff's complaint reversed, and judgment ordered for the plaintiff on the verdict.